UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) Case No. 3:26-cv-238 |
| | ) |
| Plaintiff, | ) |
| v. | ) Judge |
| | ) |
| **AES RESTAURANTS OF OHIO LLC, an** | ) |
| **Indiana limited liability company,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **COMJ, LLC**, **an Ohio limited liability** | |
| **company,** | |
| | |
| Defendant. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel,

Owen B. Dunn, Jr., hereby files this Complaint against Defendant AES Restaurants of Ohio

LLC, an Indiana limited liability company, and Defendant COMJ, LLC, an Ohio limited liability

company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.     This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of

individuals similarly situated, pursuant to the enforcement provision of the American with

Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as

delineated herein.

2.     The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which

governs actions that arise from the Defendant's violations of Title III of the ADA, 42

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Mr. Foster") is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant COMJ, LLC owns the property and Defendant AES Restaurants of Ohio LLC operates the business known as Arby's fast-food restaurant located at 160 S Patterson Blvd. Dayton, OH 45402 in Montgomery County.

6. Plaintiff has patronized Defendants' property previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. The facility owned by the Defendant COMJ, LLC and operated by Defendant AES Restaurants of Ohio LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA.

Defendant's restaurant is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Foster is a former Wright State University student, visits many friends in the area surrounding Wright State University, as well as Fairborn, Ohio (where he formerly resided) and Dayton, and attends many disability seminars, gatherings for recumbent cycling enthusiasts, job fairs, and trade shows and conventions held in the area.

10. On April 30, 2026, Plaintiff patronized the Defendants' property and business, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' place of public accommodation.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the

3

ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the restaurant, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Accessible Routes & Parking

A. There are no accessible routes from public transportation stops and the public right-of-way to the facility entrances they serve, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

B. There is no accessible route from the designated accessible parking to the entrance, in violation of the ADA and Section 206.2.1 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

C. Designated accessible parking spaces entirely lack access aisles, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

D. The marked "van accessible" parking space does not meet required dimensions, in

violation of the ADA and section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

E. The ramp connecting the designated accessible parking to the entrance has excess slope and cross-slope, no edge protection and cracks or changes in level on the surfaces, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

**<u>Restrooms</u>**

F. The men's restroom door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

G. The men's restroom lavatory drain pipes are not adequately insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

H. The men's restroom hand dryer's operable parts exceed allowable reach range, in violation of the ADA and section 308.2.1 of the 2010 Standards and 1991 ADAAG section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

I. The men's restroom urinal is mounted in excess of allowable height, in violation of the ADA and section 605.2 of the 2010 Standards and 1991 ADAAG section 4.18.2, whose remedy is strictly required or, at minimum, readily achievable.

J. The men's restroom entirely lacks grab bars around the water closet, in violation of the ADA and section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

K. The toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

L. The water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.9.5 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

M. The water closet seat height is below the permitted range, in violation of the ADA and section 604.4 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

N. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

Policies and Procedures

O. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

P. The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

15. The discriminatory violations described in Paragraph 15 by Defendant COMJ, LLC and Defendant AES Restaurants of Ohio LLC are not an exclusive list of the Defendant's ADA violations. The Plaintiff has been denied access to Defendant's accommodations;

6

benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants as set forth above.

16.     The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

17.     Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18.     The restaurant at issue, as owned and operated by COMJ, LLC and AES Restaurants of Ohio LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20.     The Plaintiff, and others similarly-situated, is presently without adequate remedy at law

and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 *et seq.***

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

COMJ, LLC and AES Restaurants of Ohio LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, Defendants have failed to undertake the any barrier removal necessary to provide Mr. Foster, and others with mobility impairments, safe and accessible means of parking and entering the businesses on the property.

24. The Defendants' acts are willful, severe and ongoing.

25.  Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages

as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
obdjr@owendunnlaw.com

9